UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GERALD LEE ARBUCKLE,

    Petitioner,

v.                                              Case No. 2:18-CV-18

CONNIE HORTON,                      HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This is a habeas corpus proceeding filed by state prisoner Gerald Arbuckle under 28 U.S.C. § 2254. On February 13, 2018, Arbuckle filed his petition. (ECF No. 1.) On June 11, 2018, Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R), recommending that the Court dismiss Arbuckle's petition as time barred and deny him a certificate of appealability. (ECF No. 6.) On June 28, 2018, Arbuckle filed a motion for extension of time to file objections to the R & R, and included some "preliminary objections" with that motion. (ECF No. 7.) On July 6, 2018, the Court granted Arbuckle an additional thirty days to file objections. (ECF No. 8.) On August 3, 2018, Arbuckle filed a document seeking a number of things: 1) a further extension of time due to "extremely extraordinary circumstances," 2) appointment of counsel due to those circumstances; 3) a stay to permit appointed counsel to file objections; 4) "mooting tolling;" and 5) an evidentiary hearing. (ECF No. 9.) Arbuckle included twenty pages of objections to the R & R with this filing. (ECF No. 9-3.)

Arbuckle also filed a "First Amended Complaint" the same day. (ECF No. 10.) However, assuming Arbuckle is permitted to amend under Federal Rule of Civil Procedure 15(a)(1), his

amended petition does not cure the defects highlighted in the R & R—his petition is still well beyond the statute of limitations. For the reasons discussed below, the amended petition will be dismissed.

Under Federal Rule of Civil Procedure 72(b), a party "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a party objects. Under 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Arbuckle's objections and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Arbuckle argues that he is entitled to an additional extension of time beyond the thirty days the Court has already granted him. Arbuckle asserts that corrections officers threatened him and on July 20, 2018, quarantined Arbuckle in segregation because he had chicken pox. While in segregation from July 20 through July 30, 2018, Arbuckle apparently did not have access to his legal materials or pens and paper. When Arbuckle got out of segregation, his typewriter had been confiscated. Arbuckle has not shown good cause to grant a further extension of time. The Court granted an additional thirty days to file objections eleven days after the initial deadline passed. The R & R is eight pages long and does not present difficult or numerous issues. Accordingly, there is no good cause to grant another extension of time, particularly considering the fact that Arbuckle did submit twenty pages of objections as well as an amended petition within the deadline.

The R & R recommended dismissing Arbuckle's petition because it exceeded the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations by approximately

seventeen years. 28 U.S.C. § 2244(d)(1)(A). Arbuckle "believes 28 U.S.C. [§] 2244(d)(1)(A) is not applicable." (ECF No. 9-3 at PageID.168.) Instead, he insists that § 2244(d)(1)(B), (C), and (D) apply. Arbuckle fails to show why these subsections apply. Arbuckle argues the merits of his claim and vaguely concludes, without support, that he demonstrated "but one instance of the application of 28 U.S.C. 2244(d)(1)(D)." Arbuckle goes on to note, "[r]egardless of the provisions of 28 U.S.C. [2244](d)(1) the Interests of Justice compels this Court to provide relief from this structural error." In short, Arbuckle failed to offer any grounds or support to show that subsection (A) does not apply and that subsections (B), (C), or (D) do.[1] Therefore, the limitation period ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), and Arbuckle is approximately seventeen years beyond the statute of limitations.

Arbuckle's other objections to the R & R are contrary to the precedent cited in the R & R, or are simply restatements of the arguments the R & R specifically—and correctly—rejected. For example, the R & R noted that, under *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750–51 (6th Cir. 2011), "a prisoner's lack of access to transcripts is not an extraordinary circumstance warranting equitable tolling." (ECF No. 6 at PageID.122.) Arbuckle attempts to distinguish the facts of the *Hall* case but fails to distinguish the law. The Sixth Circuit stated that a petitioner's "inability to access the transcript of his trial is unfortunate. But it is not enough, even in combination with his pro se status and limited law-library access, to warrant the equitable tolling of AEDPA's limitations period." *Hall*, 662 F.3d at 752. Arbuckle's difficulties in acquiring the Michigan Court of Appeal's opinion is not enough to warrant equitable tolling, particularly seventeen years' worth.

---

[1] Even if one of these subsections did apply, Arbuckle fails to show that this would cure the statute of limitations bar—a one-year limitation still applies under these subsections.

The R & R also noted that Arbuckle made no claim of actual innocence, which could excuse the procedural bar of the statute of limitations under *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851 (1995). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324, 115 S. Ct. at 865. Recognizing that he had not argued actual innocence before, Arbuckle attempted to do so in his amended petition. Arbuckle asserts that he "falsely confessed to a Self-defense Shooting Resulting in Injury NOT A HOMICIDE." (ECF No. 10 at PageID.199 (emphasis in original).) However, in the same paragraph, Arbuckle asserts that it was Brian Stevens, not Arbuckle, who shot Gary Stevens. Arbuckle does not cite new evidence that was not presented at trial. Instead, Arbuckle asserts evidence that is vague, unsupported, and/or was presented at trial, *e.g.*, the police "tricked" him into thinking it was a self defense shooting; the line-up was "scripted;" and an unnamed eyewitness saw Brian shoot Gary. (*Id.*) Arbuckle did not state a credible claim of actual innocence and, accordingly, his proposed amended petition does not excuse the statute of limitations procedural bar.

The remainder of Arbuckle's motion is without merit. Appointment of counsel is a privilege justified only by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Courts consider the type of case, the abilities of the plaintiff to represent himself, and the complexity of the factual and legal issues involved. *Id.* at 606. "Most pro se litigants believe that their cases are complex, and all prisoners find that their access to law libraries is limited." *Balcar v. Smith*, No. 3:16-CV-P599-TBR, 2017 WL 6347963, at *2 (W.D. Ky. Dec. 12, 2017) (quoting *Knowles-Browder v. Ca. Forensic Med. Group Staff*, No. CIV S-05-1260, 2006 WL 927255, at *1 (E.D. Cal. Apr. 10, 2006)). "While such issues may be frustrating, [Arbuckle]

has failed to demonstrate that exceptional circumstances in his case necessitate the appointment of counsel." *Washington v. Randall-Owens*, No. 06-12588, 2007 WL 325768, at *1 (E.D. Mich. Jan. 31, 2007). An evidentiary hearing is also unwarranted. *See Cullen v. Pinholster*, 563 U.S. 170, 181–82, 131 S. Ct. 1388, 1398–99 (2011) (holding that federal habeas review of a state court decision under 28 U.S.C. § 2254(d)(1) is strictly limited to "review of the state court record" and evidence acquired through use of an evidentiary hearing may not be considered); *Ballinger v. Prelesnik*, 709 F.3d 558, 561 (6th Cir. 2013); *Trimble v. Bobby*, No. 5:10-CV-149, 2011 WL 1527323, at *2 (N.D. Ohio Apr. 19, 2011) (extending *Pinholster* to review of state court fact-finding under 28 U.S.C. § 2254(d)).

Therefore,

**IT IS HEREBY ORDERED** that Petitioner's Objections (ECF No. 9-3) are **OVERRULED**; the Magistrate Judge's Report and Recommendation (ECF No. 6) is **APPROVED AND ADOPTED** as the Opinion of this Court; and this case is **DISMISSED** as time barred.

**IT IS FURTHER ORDERED** that Petitioner's Motion for an Extension of Time, Appointment of Counsel, Stay of Proceedings, Mooting Tolling, and Evidentiary Hearing (ECF No. 9) is **DENIED**.

A separate judgment will issue.


Dated: September 7, 2018  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE